IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § § | |
| DEBAUCHE OSP COMMUNICATIONS, LLC, | § § § § | CASE NO. 24-32817 |
| DEBTOR, | § § | |
| GREATER TECH HOLDINGS, INC. | § § | CASE NO. 24-32818 |
| DEBTOR, | § § § | |
| TECHDASH COMMUNICATIONS, LLC, | § § § | CASE NO. 24-32819 |
| DEBTOR. | § § | JOINT ADMINISTRATION REQUESTED |

TRUSTEE'S MOTION FOR ORDER
DIRECTING JOINT ADMINISTRATION OF CASES

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

**TO THE HONORABLE CHRISTOPHER M. LOPEZ, UNITED STATES BANKRUPTCY JUDGE:**

3108791

COMES NOW, Janet S. Northrup, the Chapter 7 Trustee (the "**Trustee**") for the bankruptcy estates of DeBauche OSP Communications, LLC ("**DeBauche**"), Greater Tech Holdings, LLC ("**Greater Tech**"), and Techdash Communications, LLC ("**Techdash**", and together with DeBauche and Greater Tech, the "**Debtors**"), hereby files this *Trustee's Motion for Order Directing Joint Administration of Cases* (the "**Motion**"), pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure and Local Rule of Bankruptcy Procedure 1015-1. In support of the Motion, the Trustee would respectfully submit as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this district pursuant to 28 U.S.C. § 1408. The predicate for the relief requested in the Motion is section 105 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "**Bankruptcy Code**"), Rule 1015(b), and Local Rule 1015-1.

## CORE PROCEEDING

2. This is a core proceeding under 28 USC § 157(b)(2)(A). Since this is a core proceeding, the Court has constitutional authority to enter final orders regarding the Motion. Further, to the extent that the Court determines that it does not have authority to enter a final order on a portion of or all of the Motion, the Trustee requests that the Court issue a report and recommendation for a final order to the United States District Court for the Southern District of Texas, Houston Division.

## BACKGROUND

3. On June 18, 2024, DeBauche, Greater Tech, and Techdash each filed voluntary petitions for relief under Chapter 7 of the Bankruptcy Code, Case Nos. 24-32817, 24-32818, and 24-32819 (collectively, the "**Cases**"), respectively.

3108791

4. Subsequently, Christopher R. Murray ("**Trustee Murray**") was appointed as the Chapter 7 Trustee for the bankruptcy estate of DeBauche (the "**DB Estate**"), Janet S. Northrup was appointed as the Chapter 7 Trustee for the bankruptcy estate of Greater Tech (the "**GT Estate**"), and Ronald J. Sommers ("**Trustee Sommers**", and together with Trustee Murray and the Trustee, the "**Trustees**") was appointed as the Chapter 7 Trustee for the bankruptcy estate of Techdash (the "**TD Estate**", and together with the DB Estate and GT Estate, the "**Estates**").

5. DeBauche and Techdash are 100% wholly owned subsidiaries of Greater Tech. *See* Schedule A/B, page 5 at Docket No. 9 in Case No. 24-32818.

6. On or about August 15, 2024, the Trustees conferred with the United States Trustee (the "**UST**") and determined that due to the limited assets of the Estates and the corporate relatedness between DeBauche, Greater Tech, and Techdash, that joint administration of the Cases is appropriate to preserve the Estates' assets and to adequately perform the fiduciary duties as Chapter 7 Trustee.

7. On October 7, 2024, Trustee Murray and Trustee Sommers resigned their appointments as trustee and the Trustee was subsequently appointed as the successor and sole Trustee for the Estates.

8. Greater Tech's third subsidiary, Techdash Telecom, LLC f/k/a Goodman Telecom Services, LLC, has a pending Chapter 7 case, Case No. 24-32820, which, on information and belief, has assets being administered by the appointed Chapter 7 Trustee, Randy W. Williams. The Trustee does not seek joint administration with this case.

**RELIEF REQUESTED**

9. The Trustee seeks the entry of an order directing the Cases to be jointly administered under Case No. 24-32817, DeBauche OSP Communications, LLC. The Trustee proposes that the following activities be joined for administrative purposes only:

3108791

(a) a single docket shall be kept by the Clerk, with separate claims registers for each of the Cases; and

(b) parties may request joint hearings on matters pending in any of the Cases.

## BASIS FOR RELIEF REQUESTED

10. The Trustee seeks the entry of an order directing the Cases to be jointly administered for procedural purposes only pursuant to Rule 1015(b), with DeBauche OSP Communications, LLC, Case No. 24-32817, serving as the lead Debtor and Case. Rule 1015(b) provides, in relevant part, that "[i]f a joint petition or two or more petitions are pending in the same court by or against […] a debtor and an affiliate, the court may order a joint administration of the estates." Fed. R. Bankr. P. 1015(b). Greater Tech has 100% interest in both Techdash and DeBauche as its subsidiaries. Thus, the Debtors are "Affiliates" as that term is defined in Section 101(2) of the Bankruptcy Code. Accordingly, this Court is authorized to grant the relief requested in this Motion.

11. Pursuant to Rule 1015(b), the Trustee seeks joint administration of the Cases for procedural purposes only. The entry of an order directing joint administration of the Cases will eliminate the need for duplicative notices, applications, and orders thereby saving considerable time and expenses for the Trustee and the Estates.

12. The rights of the respective creditors of each Estate will not be adversely affected by the proposed joint administration of the Cases because each creditor will still file its claim against a particular Estate. In fact, the rights of the creditors will be enhanced by the reduction in costs resulting from joint administration. The Court will also be relieved of the burden of entering duplicative orders and maintaining duplicative files. Finally, supervision of the administrative aspects of the Cases by the Office of the United States Trustee will be simplified. Based on the

3108791

foregoing, the Trustee contends that the interests of the Debtors, the Estates, and their creditors will best be served by the joint administration of the Cases.

## NOTICE

13. The Trustee will provide notice to parties in interest, including: (a) the Office of the United States Trustee for the Southern District of Texas, (b) the creditor matrix for each of the Debtors' respective case, (c) all applicable government agencies to the extent required by the Bankruptcy Rules and the Local Rules, (d) any party that has requested notice pursuant to Bankruptcy Rule 2002, and (e) counsel for any of the foregoing, to the extent known. The Trustee submits that, in light of the nature of the relief requested, no other or further notice need be given.

## CONCLUSION

WHEREFORE, for the reasons set forth above, the Trustee respectfully requests entry of an order directing the joint administration of the Cases for administrative purposes only and granting her all such other relief, both at law and in equity, to which she may justly be entitled.

DATED: October 10, 2024.

Respectfully submitted,

*/s/ Heather Heath McIntyre*
Wayne Kitchens        TBN 11541110
wkitchens@hwa.com
Heather H. McIntyre   TBN 24041076
hmcintyre@hwa.com
Abdiel Lopez-Castro   TBN 24140125
alopezcastro@hwa.com
Hughes Watters Askanase, LLP
1201 Louisiana, 28th Floor
Houston, Texas 77002
Telephone: (713) 590-4200
Facsimile: (713) 590-4230
**ATTORNEYS FOR CHAPTER 7 TRUSTEE, JANET S. NORTHRUP**

3108791

## CERTIFICATE OF SERVICE

       I hereby certify that a true and correct copy of the foregoing document has been served on: (i) parties receiving ECF notice via ECF in the above-referenced DeBauche case, (ii) parties listed on the attached creditor matrix for each above-referenced case, and (iii) the parties below via first-class, U.S. mail, postage-prepaid to the extent not served via ECF on October 10, 2024.

<u>Parties Requesting Notice:</u>
Supply Chain Logistics & Electronics, Inc.
c/o R. Campbell Hillyer
c/o Adam M. Langley
Butler Snow LLP
6075 Poplar Avenue, Suite 500
Memphis, TN 38119
*VIA ECF*

Scott M. Seidel, Chapter 7 Trustee for Goodman Networks, Inc.
c/o Davor Rukavina
c/o Thomas D. Berghman
c/o Conor P. White
Munsch Hardt Kopf & Harr, P.C.
500 N. Akard St., Suite 4000
Dallas, Texas 75201
*VIA ECF*

John Patrick Lowe, Chapter 7 Trustee for John Andrew Goodman
c/o Brian T. Cumings
Graves, Dougherty, Hearon & Moody, P.C.
401 Congress Avenue, Suite 2700
Austin, Texas 78701
*VIA ECF*

Oracle America, Inc.
c/o Shawn M. Christianson, Esq.
Buchalter, A Professional Corporation
425 Market Street, Suite 2900
San Francisco, California 94105-3493
*VIA FIRST CLASS MAIL*

                                                  */s/ Heather Heath McIntyre*
                                                  Heather Heath McIntyre

3108791